**CENTRAL TRUST COMPANY OF CIN-CINNATI, OHIO, Executor of the Estate of Clara Katherine Nebel, Deceased, Plaintiff,**

v.

**Russell A. WELCH, District Director of Internal Revenue, Cincinnati, Ohio, Defendant.**

**Civ. A. No. 4466.**

United States District Court
S. D. Ohio, W. D.

March 29, 1961.

Robert P. Goldman, Harry Stickney, James D. Long, of Paxton & Seasongood, Cincinnati, Ohio, and O. M. Dock, Cincinnati, Ohio, for plaintiff.

Hugh K. Martin, U. S. Atty., Richard H. Pennington, Asst. U. S. Atty., Cincinnati, Ohio, for defendant.

DRUFFEL, District Judge.

### Findings of Fact

(1) The plaintiff, The Central Trust Company of Cincinnati, Ohio, was at the time of filing the complaint herein and is now a corporation organized and existing under the laws of the State of Ohio resident in and having its office and principal place of business in the Southern District of Ohio, Western Division thereof.

(2) The defendant, Russell A. Welch, was at the time of filing the complaint herein and had been the duly appointed, qualified and acting District Director of Internal Revenue, Cincinnati, Ohio, continuously since December 1, 1952, and was at the time of filing the complaint herein a resident of the Southern District of Ohio, Western Division thereof.

(3) The plaintiff has been and is the duly appointed, qualified and acting executor of the estate of Clara Katherine Nebel, Deceased.

(4) This case is one arising under a law of the United States providing for Internal Revenue and is one over which this Court has jurisdiction under Title 28 U.S.C. § 1340 (62 Stat. 932), as amended.

(5) The plaintiff's decedent died testate on December 6, 1954, a resident of the City of Cincinnati, Hamilton County, Ohio. A copy of the decedent's last will and testament is attached to the Stipulation of Facts filed herein on September 13, 1960, and made a part hereof marked "Exhibit A".

(6) Plaintiff filed the Estate Tax Return (Form 706) for said estate with the defendant at the office of said defendant in Cincinnati, Ohio, and paid to the defendant the amount of estate tax due, as shown by said return, in the amount of $134,221.54 on or about March 7, 1956. No portion thereof has been refunded or

credited. A copy of said estate tax return is attached to the Stipulation of Facts filed herein and made a part hereof marked "Exhibit B".

(7) The Commissioner of Internal Revenue, by letter dated November 5, 1957, asserted additional estate tax in the amount of $7,880.98 against the plaintiff. A copy of said letter is attached to the Stipulation of Facts filed herein and made a part hereof marked "Exhibit C".

(8) The plaintiff paid the defendant such asserted additional estate tax in the amount of $7,880.98 on or about January 3, 1958, together with $863.78 interest from March 7, 1956. No portion thereof has been refunded or credited.

(9) Plaintiff filed a claim for refund of estate tax in the amount of $10,079.66 and interest thereon with the defendant on or about August 1, 1958, stating, as the basis for the claim for refund, that attorneys' fees, trustee's fees, court costs and other expenses of administration incurred and paid by the trustee in connection with the successful defense of the litigation attacking the validity of the *inter vivos* trust created by the decedent and estimated additional attorneys' fees in connection with the determination of the estate tax liability of the decedent's estate which would be incurred had not been allowed as a deduction in computing the decedent's taxable estate. A copy of said claim for refund is attached to the Stipulation of Facts filed herein and made a part hereof marked "Exhibit D".

(10) Defendant notified the plaintiff by letter dated May 26, 1959, mailed registered mail, that said claim for refund in the amount of $10,079.66 was disallowed in full. A copy of said letter is attached to the Stipulation of Facts filed herein and made a part hereof marked "Exhibit E".

(11) The decedent placed substantially all of her property in a trust under agreement with The Central Trust Company dated May 31, 1951, as modified on July 13, 1951, October 29, 1951, and December 11, 1952. A copy of said trust agreement is attached to the Stipulation of Facts

filed herein and made a part hereof marked "Exhibit F". The amendments thereto dated July 13, 1951, October 29, 1951, and December 11, 1952, are attached to the Stipulation of Facts filed herein and made a part hereof marked "Exhibits F–1, F–2 and F–3", respectively.

(12) After the death of the decedent, the decedent's daughter, Irma Krueger, filed a suit in the Court of Common Pleas of Hamilton County, Ohio, to set aside the trust agreement, as modified, on the ground that the decedent was very feeble, both mentally and physically, and did not possess sufficient mental capacity to comprehend the nature and effect of her acts. A copy of the said petition is attached to the Stipulation of Facts filed herein and made a part hereof marked "Exhibit G". The Central Trust Company, as trustee, was named a defendant in this action, as were the charities and individuals named in the trust agreement, as modified, and a copy of the answer to said petition filed by The Central Trust Company, as trustee, is attached to the Stipulation of Facts filed herein and made a part hereof marked "Exhibit H". By amended petition Irma Krueger set up the additional ground that the trust agreement should be set aside because it was not executed by the donor in the presence of two witnesses nor was it attested by any witnesses. A copy of said amended petition is attached to the Stipulation of Facts filed herein and made a part hereof marked "Exhibit I"; and a copy of the answer to said amended petition filed by The Central Trust Company, as trustee, is attached to the Stipulation of Facts filed herein and made a part hereof marked "Exhibit J".

(13) The Central Trust Company, as trustee, employed as attorneys at law to defend it and to uphold the validity of the trust, Oliver M. Dock and the firm of Paxton & Seasongood. The Court of Common Pleas of Hamilton County, Ohio, upheld the validity of the trust and entered judgment that the amended petition filed by Irma Krueger be dismissed. Up-

on appeal to the Court of Appeals for the First District of Ohio, Hamilton County, the judgment of the Court of Common Pleas was affirmed. Krueger v. Central Trust Co., 101 Ohio App. 383, 136 N.E.2d 121. The Supreme Court of Ohio denied application for a motion to certify the record.

(14) In connection with the aforesaid litigation involving the validity of the trust, The Central Trust Company, as trustee, made from trust funds the following payments, all of which were reasonable in amount and were necessary to sustain the validity of the trust, to-wit:

| | |
|---|---:|
| Court costs and expenses, on various dates | $ 813.36 |
| December 8, 1955, Oliver M. Dock and Paxton & Seasongood, attorneys' fees | 10,000.00 |
| December 8, 1955, The Central Trust Company extraordinary services of trustee | 5,000.00 |
| February 11, 1957, Oliver M. Dock and Paxton & Seasongood, attorneys' fees | 12,500.00 |
| Total | $28,313.36 |

(15) In addition to the payments set forth in (14) above, it is estimated that additional attorneys' fees and expenses in connection with the determination of the estate tax liability (not yet paid) will amount to approximately $2,000.

(16) In connection with the aforesaid litigation involving the validity of the trust the plaintiff, Irma Krueger, was represented by separate counsel and each of the defendant charities named in the trust agreement was represented by separate counsel, none of whom was paid out of the trust estate nor is any claim made in this cause for their fees or expenses. The individuals named as beneficiaries in said trust agreement, other than Irma Krueger, were not represented by counsel.

■ (17) The attorneys' fees, trustee's fee, court costs and other expenses incurred and paid by the trustee in connection with the successful defense of the litigation attacking the validity of the *inter vivos* trust created by the decedent, set forth in (14) above in the aggregate amount of $28,313.36, are expenses incurred in administration of property not subject to claims included in the decedent's gross estate and should have been allowed as deductions in computing the decedent's taxable estate.

■ (18) The estimated additional attorneys' fees and expenses in connection with the determination of the estate tax liability of the decedent's estate which will be incurred and paid by the decedent's estate, set forth in (15) above in the amount of approximately $2,000, and such additional sum as may be agreed upon by the parties for additional services, however, if same cannot be agreed upon, as this Court may determine, are expenses of administration of decedent's estate and should have been allowed as deductions in computing the decedent's taxable estate.

(19) There is, therefore, due and owing the plaintiff from the defendant on account of federal estate tax and interest thereon erroneously and illegally assessed and collected the sum of $10,021.-96, together with interest on $8,744.76 at the rate of 6% per annum from January 3, 1958, and with interest on $1,277.20 at the rate of 6% per annum from March 7, 1956; plus any additional amount of refund of estate tax, with interest thereon at the rate of 6% per annum from March 7, 1956, that may be due and payable by reason of expenses and reasonable attorneys' fees incurred and paid in this litigation in excess of the amount of $2,000 previously determined herein.

## Conclusions of Law

Upon the basis of the facts in this case the Court concludes:

(1) This case is one arising under a law providing for internal revenue and is one over which this Court has jurisdiction under Title 28 U.S.C. § 1340 (62 Stat. 932), as amended.

(2) The plaintiff is entitled to a refund of estate tax from the defendant by reason of the attorneys' fees, trustee's fee, court costs and other expenses incurred and paid by the trustee in connection with the successful defense of the litigation attacking the validity of the *inter vivos* trust created by the decedent, set forth in (14) of the Findings of Fact in the aggregate amount of $28,313.36, which are expenses incurred in administration of property not subject to claims included in the decedent's gross estate and which are deductible in computing the decedent's taxable estate under Section 2053 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 2053.

(3) The plaintiff is further entitled to a refund of estate tax from the defendant by reason of the estimated additional attorneys' fees and expenses in connection with the determination of the estate tax liability of the decedent's estate which will be incurred and paid by the decedent's estate, set forth in (15) of the Findings of Fact in the amount of $2,000, which are expenses of administration of decedent's estate and which are deductible in computing the decedent's taxable estate under Section 2053 of the Internal Revenue Code of 1954, 26 U.S. C.A. § 2053.

(4) Plaintiff is entitled to judgment against the defendant in the sum of $10,021.96, together with interest on $8,744.76 at the rate of 6% per annum from January 3, 1958, and with interest on $1,277.20 at the rate of 6% per annum from March 7, 1956, and for its costs in this case, plus any additional amount of refund of estate tax, with interest thereon at the rate of 6% per annum from March 7, 1956, that may be due and payable by reason of expenses and reasonable attorneys' fees incurred and paid in this litigation in excess of the amount of $2,000 previously determined herein.